IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ROBERTO H. TERAN and § <br> ALICIA B. TERAN § <br>    Plaintiffs § <br> § <br> VS. § <br> § <br> ONEMAIN FINANCIAL SERVICES, INC. § <br>    Defendant § | C.A. No. 7:24-cv-211 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, OneMain Financial Services, Inc. ("Defendant"), pursuant to 28 U.S.C. §1446(a), hereby removes this case from 370th Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division. Defendant denies the claims and damages alleged in Plaintiffs' Original Petition and files this Notice without waiving any claims, defenses, exceptions, or obligations that may exist in its favor in state or federal court.

### I. INTRODUCTION

1. On May 20, 2024, Plaintiffs, Roberto H. Teran and Alicia B. Teran ("Plaintiffs") commenced this action by filing Plaintiffs' Original Petition and Application for Injunctive Relief (the "Complaint"), C-2331-24-G in the 370th Judicial District Court of Hidalgo County, Texas (the "State Court Action"). *See* Exhibit "C-1". Plaintiffs obtained an ex parte temporary restraining order on May 21, 2024. See Exhibit "C-4". On May 24, 2024, Defendant filed its Original Answer. See Exhibit "C-5".

2. Pursuant to 28 U.S.C. §1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of when Defendant was served with the initial

state court pleading.[1]

## II. PLEADINGS AND NOTICE TO STATE COURT

3. True and correct copies of all pleadings, process, orders, and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C. §1446(a). Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiffs and filed in the State Court Action.

## III. STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

4. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1). That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."[2]

5. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district. As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction.

## IV. DIVERSITY JURISDICTION

### A. Citizenship of the Parties

6. This civil action involves a controversy between citizens of different states. Plaintiffs are citizens of the State of Texas as they reside in and are domiciled in the state of Texas.[3]

7. Defendant, is a corporation and is not a citizen of Texas for diversity purposes. A

---

[1] *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), (holding the time for removal commences on formal service of process, "*not* by mere receipt of the complaint unattended by any formal service).
[2] 28 U.S.C. § 1332(a)(1).
[3] See the Complaint, ¶ 2.

corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center"). 28 U.S.C. §1332(c)(1). Defendant is a Delaware corporation with its principal place of business in Evansville, Indiana. Defendant is not incorporated in Texas, nor is its principal place of business located in Texas. Therefore, Defendant is a citizen of Delaware and Indiana for purposes of diversity jurisdiction.

8. Because Plaintiffs are citizens of Texas and Defendant is a citizen of states other than Texas, there is complete diversity of citizenship among the parties.[4]

### B. Amount in Controversy

9. This case places an amount in controversy that exceeds the $75,000 threshold. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[5] Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[6]

10. When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[7]

11. In their Complaint, Plaintiffs seek to preclude eviction by Defendant on property located at 1313 N. 4th Street, McAllen, Texas, 78501 (the "Property").[8] The Property is valued at no less than $199,583.00.[9]

12. If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is

---

[4] *See* 28 U.S.C. § 1332(c)(1).
[5] *See* 28 U.S.C. § 1441(a).
[6] *See* 28 U.S.C. § 1332(a).
[7] *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir.1996).
[8] See Complaint at ¶5 for identification of the "Property".
[9] See Exhibit "D".

satisfied.[10]  The removing party satisfies this burden if the court finds it "facially apparent" that the Plaintiffs' claimed damages likely exceed $75,000.00.[11]  In this instance, Plaintiffs' Complaint makes it facially apparent that Plaintiffs' claimed damages exceed $75,000.00 given that the Plaintiffs seek a declaration of the Court that Defendant wrongfully foreclosed on the subject Property serving as collateral securing the subject loan and seek to permanently enjoin Defendant from obtaining possession of its property via eviction.[12]  The value of the Property exceeds $75,000.00.[13]  Additionally, Plaintiffs seek attorney's fees and economic damages.

13. In determining the amount in controversy, the court may also consider attorney's fees, penalties, statutory damages, mental anguish, harm to credit, and punitive damages.[14]  It is apparent from the face of the Complaint that the claims exceed $75,000.00.  Here, Plaintiffs' Complaint states that Plaintiffs are seeking a judgment to set aside foreclosure of the subject Property.[15]  Plaintiffs also seek permanent injunctive relief precluding eviction by Defendant.[16]

14. Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[17]  "In actions

---

[10] *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).
[11] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995).
[12] See Complaint at ¶¶ 8-27
[13] See Exhibit "D".
[14] *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (stating "If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy"); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); see *Ray v. State Farm Lloyds*, No. CIV.A.3:98- CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the *Texas Insurance Code Code); Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[15] See Complaint at ¶¶ 8-27 and ¶ entitled "Prayer".
[16] See Complaint at ¶27 and "Prayer".
[17] *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).

seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[18] Plaintiffs seek declaratory and injunctive relief which if successful would preclude enforcement of the contractual loan obligations and Defendant's right to take possession of the subject property following a lawfully conducted foreclosure sale.

15. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[19] "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[20] Plaintiffs seek relief that if granted would preclude eviction by Defendant on the Property following a foreclosure sale that conferred title to Defendant.[21] The Hidalgo County Appraisal District values the subject property at $199,583.00.[22] The value of the Property alone satisfies the amount in controversy required for subject matter jurisdiction. Additionally, if necessary, Plaintiffs seek attorney's fees, and unspecified damages for breach of contract and negligence.

## V. JURY DEMAND

16. Plaintiffs have not made any known jury demand in the State Court Action.

## VI. CONCLUSION

17. For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court for the Southern District of Texas, McAllen Division.

---

[18] *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).
[19] W*aller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).
[20] *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[21] See Complaint.
[22] See Exhibit D.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas  77002-2772
    713-220-9182 Telephone
    713-223-9319 Facsimile
    E-mail: mhord@hirschwest.com
    Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

On this 24th day of May, 2024, I hereby certify that a true and correct copy of the foregoing Notice of Removal was forwarded as follows:

Dennis Ramirez
Law Office of Dennis Ramirez, PLLC
111 N. 17th St., Suite D
Donna TX 78537
**Via ECF and E-Mail**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.